Argued March 24, affirmed March 31, 1954

# GEDNEY *v.* CLARK
## 268 P. 2d 357

*C. S. Emmons* argued the cause for appellant. On the brief were Willis, Kyle & Emmons, of Albany.

*George A. Rhoten* argued the cause for respondents. On the brief were Rhoten, Rhoten & Speerstra, of Salem.

Before LATOURETTE, Chief Justice, and ROSSMAN, TOOZE and PERRY, Justices.

ROSSMAN, J.

This is an appeal from a judgment, based upon a verdict, which the circuit court entered in favor of the defendants. The plaintiff filed her action to recover damages for a purported injury which she says she suffered when the defendants' taxicab, in which she was riding as a paid passenger, was struck in the rear by a car driven by a third party. When struck, the cab had stopped, in obedience to a traffic signal, upon a downtown street in Salem.

The assignments of error, three in number, present this single question: Did the instructions given to the jury adequately inform them that it was the defendants' duty, while transporting the plaintiff, to exercise the highest degree of care and diligence for her safety. The instructions stated:

"I instruct you that the defendants are not insurers of plaintiff's safety, but they are known as common carriers and as such owed the plaintiff, as a passenger, the duty of exercising a very high degree of diligence in matters respecting the safety of the plaintiff as a passenger.

"I instruct you that the fact, if you should find it to be a fact, that there was a collision between the taxicab in which plaintiff was riding and a vehicle in back of the taxicab, and you further find that this collision was due to some negligence on the part of the driver of the vehicle to the rear, it would not of itself excuse the defendants from liability in this case unless you should find that the negligence, if any, of such driver to the rear was the sole proximate cause of the injury to plaintiff, if any.

\* \* \* \* \*

"You are instructed that the driver of the taxicab had a right to assume that all other persons driving on said street would observe the traffic

laws in force in this State, and was not required to anticipate that another would violate the law, until he had knowledge, or by the exercise of the degree of diligence required of common carriers should have known of the violation thereof by any other driver.''

The plaintiff had requested that the jury be instructed:

"The negligence of the defendants, if any, as regarding their liability to plaintiff as a passenger, is to be measured * * * by the duty of the defendants as common carriers to exercise the highest degree of diligence required of them toward their passengers.''

The complaint averred that the defendants "were negligent in the operation of said taxicab in that''. At that point four specifications of neglience were set forth. The instructions adopted the phraseology of the complaint in referring to the four items contained in the specifications and in so doing employed the word "negligence''. The latter was employed not only for the purpose of acquainting the jury with the plaintiff's charges, but also for the purpose of portraying to the jury the requirement that the plaintiff was required to prove (1) negligence; (2) proximate cause; and (3) injury. It is clear that the trial judge did not use the word "negligence'' in his instructions to indicate that something less than the highest degree of care would suffice. The term "negligence'' has a property in common with a chameleon— it takes upon itself the color of its surroundings and when employed in common carrier cases it denotes failure to exercise the highest degree of care. According to 38 Am Jur, Negligence, § 2 p 642, "In any event negligence in the legal sense is a relative as well as a broad term.'' Restatement of the Law, Contracts,

§ 574, Comment a, says: "By negligence is meant any conduct not recklessly disregardful of the interests of others which falls below the standard established by law for the protection of others against unreasonable risk of harm."

We have read the transcript of evidence and of the instructions. One of the specifications of negligence is this: "The defendants failed to signal before stopping the taxicab." It is conceded that the taxicab stopped when the green light turned to red. Cars ahead of it made the same stop. A car behind then struck the rear of the cab. The plaintiff, who was seated immediately back of the driver, was not examined as to whether or not the driver gave an arm signal as he brought his cab to a stop. Her husband, who was to her right but separated from her by one of their children, testified that he saw no signal. He did not, however, testify that he was looking or was in a position to have seen. His wife, shortly prior to the stop, had moved somewhat forward in shifting her position for the purpose of observing an object to the right and partly to the rear. It may be that her position rendered it impossible for her husband to have seen the left shoulder of the driver had he actually glanced in that direction. The husband's testimony, purely negative in character (see *Spence, Admr., v. Rasmussen,* 190 Or 662, 226 P2d 819, and *Lovett v. Gill,* 142 Or 534, 20 P2d 1070), was the only testimony which the plaintiff offered upon that charge.

It is our belief that the instructions adequately told the jury that it was the defendants' duty to have exercised for the plaintiff's safety the highest degree of care and diligence. The assignments of error, in our opinion, disclose no error.

The challenged judgment is affirmed.